KING, P. J„
for the Court.
¶ 1. Billie Salvador Braziel was found guilty in the Circuit Court of Harrison County, Mississippi, First Judicial District of rape and aggravated assault. Braziel was sentenced to ten years on the rape charge and five years on the aggravated assault charge, to be served consecutively in the custody of the Mississippi Department of Corrections. Subsequent to his conviction, Braziel filed suit seeking earned time credit and consideration for parole. That request was denied, and Braziel has appealed that denial.
FACTS
¶ 2. In September 1995, Braziel was indicted for rape, kidnapping, aggravated assault, and armed robbery. The incident occurred on March 20, 1995. On November 2, 1996, Braziel was found guilty of rape and aggravated assault. On December 9, 1996, he was sentenced to ten years on the rape charge and five years on the aggravated assault charge, to be served consecutively in the custody of the Mississippi Department of Corrections.
¶ 3. On February 21, 2001, Braziel filed a petition for a writ of habeas corpus in the Circuit Court of Sunflower County challenging the application of Section 47-7 — 3(l)(b) of Mississippi Code Annotated of 1972, as amended, which addresses the parole of prisoners. This petition named as defendants Mississippi Department of Corrections employees Barbara Bailey and Robert Armstrong. In response to the petition, on March 27, 2001, the trial court entered an order directing the Mississippi Department of Corrections to respond by affidavit explaining why Braziel was not eligible to be considered for parole and why he was not eligible for earned time. The court also directed the defendants to state why Puckett v. Abels, 684 So.2d 671 (Miss.1996), which declared that an inmate’s eligibility for parole could not be altered by statutes enacted after the inmate’s conviction, did not apply to Bra-ziel’s situation. On April 27, 2001,[1] Bailey filed a report with the court along with an affidavit wherein she stated that “on 7-24- *964 1994 Mississippi code [sic] 47-7-3 was changed to reflect that ‘any person who shall have been convicted of a sex crime shall not be released on parole except for a person under the age of 21 who has been convicted under Section 97-3-67 of the Mississippi Code of 1972 Annotated.’ ”[2]
¶ 4. By order dated May 16, 2001, the trial court dismissed Braziel’s habeas corpus petition stating:
Petitioner was arrested on or about March 20, 1995, indicted in September 1995, and convicted and sentenced on or about December 9, 1995[3] for rape and aggravated assault. On Count I for the crime of Rape Petitioner was sentenced to ten (10) years and on Count III for the crime of Aggravated Assault Petitioner was sentenced to five (5) years.
In July, 1994, Mississippi Code Section 47-7-3 was amended to reflect that “any person who shall have been convicted of a sex crime shall not be released on parole except for a person under the age of 21 who has been convicted under Section 97-3-67 of the Mississippi Code of 1972 Annotated” As such, Petitioner is not eligible to [sic] for earned time credit or parole on Count I; however, Petitioner is eligible for earned time credit and parole on Count III.
In response to this matter, the Mississippi Department of Corrections has recalculated Petitioner’s time sheet to reflect his earned time credit and parole eligibility date on the five (5) year Aggravated Assault charge, after completing the mandatory ten (10) year Rape charge. Therefore, this Court hereby finds that this Petition should be and hereby is DENIED and this cause is DISMISSED as moot. Pursuant to Section 47-5-76 of the Mississippi Code, all court costs are assessed against the Mississippi Department of Corrections.
ISSUE AND ANALYSIS
Should Braziel have been considered for parole or earned time for his rape conviction?
¶ 5. Braziel contends that he should have been considered for parole or earned time for his rape conviction. He maintains that because he was nineteen years old at the time the offense occurred on March 20, 1995, that then existing law permitted such consideration. He further contends that the Department of Corrections improperly applied to his case the law as changed on July 1, 1995, which impermissibly increased his punishment. The question before this Court is whether or not the trial court applied the proper law to the facts of this case, which requires a de novo review. Peterson v. State, 671 So.2d 647, 652 (Miss.1996).
¶ 6. Braziel committed the offense of rape on March 20, 1995. He was sentenced on December 9, 1996. The record reflects that Braziel, who was born February 13, 1976, was nineteen years of age when this offense was committed. Bra-ziel’s parole eligibility was controlled by Miss.Code Ann. Section 47-7-3(l)(b) (Supp.1994) as it existed on March 20, 1995. The relevant portion of that statute provides:
(1) Every prisoner who has been or may hereafter be convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi *965 State Penitentiary for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the Penitentiary, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:
[[Image here]]
(b) Any person who shall have been convicted of a sex crime shall not be released on parole except for a person under the age of nineteen (19) who has been convicted under Section 97-3-67....
Because Braziel was nineteen years of age when this rape was committed, he was clearly ineligible for parole consideration under the above referenced statute.
¶ 7. Braziel has also raised the question of whether he had an entitlement to earned time. That question is addressed by Miss.Code Ann. Section 47-5-139 (Supp.1994) as it existed on the date of the offense which in relevant part provides that “(1) [a]n inmate shall not be eligible for the earned time allowance if: ... (d) [t]he inmate was convicted of a sex crime.... ”
¶ 8. This Court’s review of the relevant statutes that the trial court applied shows that Braziel is not eligible for parole or earned time for his conviction of rape.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
MeMILLIN, C.J.; SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ„ CONCUR. GRIFFIS, J., NOT PARTICIPATING.

. The record reveals that during a Department of Corrections administrative proceeding, Bailey (former Chief Records Officer at the Mississippi Department of Corrections) had previously responded to Braziel’s questions regarding his parole eligibility by stating:
You have one count of aggravated assault for a term of five years. We gave you 2 and 14 years earned time credit. You have a 10 year sentence for rape. The sentence date for both counts is 12-9-96. Senate Bill 2003 (passed 7-24-94). Change [sic] Section 47-7-3 of the Mississippi Code to relfex [sic] that "any person who shall have been convicted of a sex crime shall not be released on parole except for a prson [sic] under the age of 19 who have [sic] been convicted under Section 97-3-67 Mississippi Code of 1972 Annotated.”

. In the prior response to Braziel, Bailey listed the age of nineteen and on the court affidavit submitted by her, she listed the age of twenty-one.

. While the trial court erroneously stated that the sentencing date was December 9, 1995, the record reveals that the sentencing order was executed on December 9, 1996.